# Exhibit A

Loan No.: 0033946179

Investor Loan No: 0033946179
FHA Case #: 003518134097703

15395515

# NEW JERSEY PARTIAL CLAIM SECONDARY NOTE

| January 3, 2024 | RIVERSIDE | NEW JERSEY |
|---|---|---|
| [Date] | [City] | [State] |

719   RANCOCAS AVENUE, RIVERSIDE, NJ 08075
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" means the Secretary of U.S. Department of Housing and Urban Development and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Thirteen Thousand Five Hundred Ninety Six and 25/100ths** Dollars (U.S. $13,596.25), to the order of the Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

On, **September 1, 2051** or, if earlier, when the first of the following events occurs:

(i)   Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii)  The maturity date of the primary Note has been accelerated, or

(iii) The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

---

New Jersey Partial Claim Note—Single Family—Secondary Lien

Page 1 of 3

17096NJ 09/21

*0033946179*

(B) Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVER BY BORROWER

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

### NOTICE TO BORROWER

**Read this promissory note or loan agreement before you sign.**
**Do not sign this promissory note or loan agreement if it contains blank spaces.**
**The promissory note or loan agreement is secured by a secondary mortgage on your real property.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____  Date: ____/____/____
Borrower    - ROSANA PENA

Loan Originator Organization: M&T BANK, NMLSR ID: N/A
Individual Loan Originator's Name NMLSR ID: N/A

After recording please return to:
SERVICELINK
ATTN: LOAN MODIFICATION SOLUTIONS
3220 EL CAMINO REAL
IRVINE, CA 92602

Prepared by:
DESIREE SCHROEDER
M&T BANK
475 CROSSPOINT PKWY
GETZVILLE, NY 14068

―――――――――――――――――[Space Above This Line For Recording Data]―――――――――――――――――

Loan No.: 0033946179

Investor Loan No: 0033946179
FHA Case #: 003518134097703

15395515

# NEW JERSEY MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **January 3, 2024**. The Mortgagor is **ROSANA PENA**
Whose address is **719    RANCOCAS AVENUE, RIVERSIDE, NJ 08075**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of **Thirteen Thousand Five Hundred Ninety Six and 25/100ths** Dollars (U.S. $13,596.25). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **September 1, 2051**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **BURLINGTON** County, NEW JERSEY:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:

---

**New Jersey Mortgage-Single Family**

Page 1 of 5

14631NJ 09/20


*0033946179*

which has the address of **719    RANCOCAS AVENUE, RIVERSIDE, NJ 08075**, ("Property Address");

This Mortgage is subordinate to the Mortgage between **Rosana Pena** (Borrower), and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR M&T Bank, A Corporation** (Lender), dated **August 13, 2021** and recorded on **October 15, 2021** in the real property records of **BURLINGTON** County in Book, Volume, or Liber No. **13569**, at Page **6011** (or as Instrument Number **5696512**)in the amount of **$333,841.00**, as assigned and/or modified, if applicable.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower.

**New Jersey Mortgage-Single Family**

Page 2 of 5

14631NJ 09/20



Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Secretary under this paragraph or applicable law.
**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note or this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property; (e) the Borrower's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; and (f) any other disclosure required under the Fair Foreclosure Act, codified at §§ 2A:50-53 et seq. of the New Jersey Statutes, or other Applicable Law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.**

**8. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9. No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

**REQUEST FOR NOTICE OF DEFAULT
—————————AND FORECLOSURE UNDER SUPERIOR—————————
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one

of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

— NOTICE TO BORROWER —

Read this promissory note or loan agreement before you sign.
Do not sign this promissory note or loan agreement if it contains blank spaces.
The promissory note or loan agreement is secured by a mortgage on your real property.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____    Date:    ___/___/___
Borrower    - ROSANA PENA

ACKNOWLEDGMENT

State of _____        §
                           §
County of _____       §

On this _____ day of _____, _____, before me _____, Notary Public, personally appeared **ROSANA PENA**, known or identified to me (or satisfactorily proven), to be the person whose name(s) is/are subscribed to the within instrument, and acknowledged that he (or they) executed the same as his own act for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Signature of Officer

_____
Printed Name

_____
Title of Officer

(Seal)        My Commission Expires: _____

**Loan Originator Organization: M&T BANK, NMLSR ID: N/A**
**Individual Loan Originator's Name NMLSR ID: N/A**

New Jersey Mortgage-Single Family
Page 4 of 5
14631NJ 09/20

*0033946179*

EXHIBIT A

BORROWER(S): ROSANA PENA

LOAN NUMBER: 0033946179

LEGAL DESCRIPTION:

STATE OF NEW JERSEY, COUNTY OF BURLINGTON, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWNSHIP OF RIVERSIDE, IN THE COUNTY OF BURLINGTON, STATE OF NEW JERSEY:
BEGINNING AT A POINT IN THE CURVED NORTHWESTERLY LINE OF RANCOCAS AVENUE SAID POINT BEING 527.05 FEET NORTHEASTWARDLY FROM THE INTERSECTION OF THE NORTHWESTERLY LINE OF RANCOCAS AVENUE (50 FEET WIDE) IN THE NORTHEASTERLY LINE OF CHESTER AVENUE (60 FEET WIDE) SAID DISTANCE BEING MEASURED ALONG THE SAID NORTHWESTERLY LINE OF RANCOCAS AVENUE, THE VARIOUS COURSES THEREOF; SAID BEGINNING POINT BEING ALSO IN THE DIVISION LINE BETWEEN LOTS 3 AND 4, BLOCK A ON PLAN HEREINAFTER MENTIONED, AND EXTENDS THENCE
1) NORTH 14 DEGREES 16 MINUTES 34 SECONDS WEST ALONG THE FIRST SAID DIVISION LINE 132.54 FEET TO A POINT: THENCE
2) NORTH 64 DEGREES 53 MINUTES 45 SECONDS EAST 119.58 FEET TO A POINT IN THE DIVISION LINE BETWEEN LOTS 5 AND 6, BLOCK A, SAID PLAN; THENCE
3) SOUTH 6 DEGREES 47 MINUTES 02 SECONDS WEST ALONG THE LAST MENTIONED DIVISION LINE 176.84 FEET TO A
POINT IN THE CURVED NORTHWESTERLY LINE OF RANCOCAS AVENUE; THENCE
4) WESTWARDLY ALONG THE CURVED NORTHWESTERLY LINE OF RANCOCAS AVENUE CURVING TO THE LEFT AT A RADIUS OF 150.00 FEET AND ARC DISTANCE OF 55.14 FEET TO THE POINT IN PLACED BEGINNING
BEING KNOWN AND DESIGNATED AS LOT 4, BLOCK A PLAN OF LOTS OF RANCOCAS MANOR.
FOR INFORMATION PURPOSES ONLY: BEING KNOWN AS TAX LOT 18 IN TAX BLOCK 2301 ON THE OFFICIAL TAX MAP OF THE TOWNSHIP OF RIVERSIDE, BURLINGTON COUNTY, STATE OF NJ.
FOR INFORMATION PURPOSES ONLY: THE MAILING ADDRESS IS: 719 RANCOCAS AVENUE, RIVERSIDE, NJ 08075.

Parcel ID Number: Block 2301 Lot 18
ALSO KNOWN AS: 719    RANCOCAS AVENUE, RIVERSIDE, NJ 08075

**New Jersey Mortgage-Single Family**

Page 5 of 5

14631NJ 09/20



Loan No.: 0033946179

# BANKRUPTCY DISCLOSURE RIDER

THIS BANKRUPTCY DISCLOSURE RIDER is given on the **3rd** day of **January, 2024**, and is incorporated into and shall be deemed to amend and supplement the Note and Security Instrument "Mortgage/Deed of Trust" of the same date made by **ROSANA PENA** (the "Borrower") and **M&T Bank in its capacity as Servicer/Agent for Secretary of Housing and Urban Development** (the "Lender), covering the property describedin the Note and Security Instrument located at:

**719   RANCOCAS AVENUE, RIVERSIDE, NJ 08075**

In addition to covenants and agreements made in the Note and Security Instrument, Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Note and Security Instrument is contingent upon approval by the bankruptcy court, if required.**
2. **AFTER execution of the Note and Security Instrument, the bankruptcy court may award the Borrower a Chapter 13 bankruptcy discharge upon completion of the Chapter 13 plan payments.**
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Note, Security Instrument and this Bankruptcy Disclosure Rider, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Bankruptcy Disclosure Rider, the terms of the Note and Security Instrument will remain unchanged and in full effect.

_____    Date:   ___/___/___
Borrower    - ROSANA PENA

Bankruptcy Disclosure Rider
W3078R                                              Page 1 of 1                                              33858MU 10/20

*0033946179*

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: 0033946179                                                       Date: **January 3, 2024**

Borrower(s): **ROSANA PENA**

Property Address: 719    RANCOCAS AVENUE, RIVERSIDE, NJ 08075

Lender: **M&T BANK**

In consideration of **M&T BANK** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 10 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees, and marketing losses. Borrower's failure to comply with all such requests within such 10-day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed, or marketed by the Lender.

_____      Date:     ___/___/___
Borrower    - ROSANA PENA

Errors and Omissions/Compliance Agreement

